IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Harrison Properties, LLC, | ) | No. 09 B 26818 |
| | ) | |
| Debtor. | ) | *Hon. Susan Pierson Sonderby* |

**FINAL ORDER AUTHORIZING DEBTOR'S USE
OF CASH COLLATERAL PURSUANT TO 11 U.S.C. §363**

THIS CAUSE coming on to be heard upon the continued Motion of Harrison Properties, LLC, debtor and debtor-in-possession in the above-referenced Chapter 11 Case (hereinafter referred to as the "Debtor"), for the entry of an interim order authorizing the use of cash collateral pursuant to Sections 361 and 363 of the United States Bankruptcy Code ("Code"); written notice of the original Motion having been given in accordance with Rule 4001 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") to all of the Debtor's creditors, the Office of the United States Trustee ("Trustee") and all other parties claiming a security interest in the Debtor's assets; the Court having reviewed the Motion, having heard and considered the statements of counsel present, and being otherwise fully advised in the premises, and it appearing that:

**IT APPEARING TO THE COURT THAT:**

A. On July 24, 2009 ("Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code, and, from and after said date, the Debtor has been managing its property and operating its business under the jurisdiction of this Court as debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code ("Chapter 11 Case").

B. No committee of general unsecured creditors or trustee has been appointed in the Chapter 11 Case.

C. This is a single asset real estate case as defined at Section 101(51B) of the Code. LaSalle Bank National Association, as Trustee to American National Bank & Trust Co. of Chicago u/t/a dated May 17, 1999, and known as Trust No. 601064-08 is the owner of the real property commonly known as 3049 West Harrison Street, Chicago, Illinois 60612 ("the Property"), and the Debtor is the beneficiary of that land trust. Accordingly, the Debtor has the right of management and control as to the Property. *See, 23-25 Bldg. Partnership v. Testa Produce, Inc.*, 381 Ill. App. 3d 751, 755, 886 N.E.2d 1156, 1162 (1st Dist. 2008).

D. From and after the commencement of the Chapter 11 Case, the Debtor intends to continue its operations and to reorganize its financial affairs.

E. As of the commencement of the Chapter 11 Case, the Debtor is indebted to Parkway Bank & Trust Company ("Parkway") in the approximate amount of $1,650,000 which, together with all accrued and unpaid interest thereon and any other amounts owing to Parkway under the applicable loan documents, is hereinafter collectively referred to as the "Indebtedness." The Indebtedness arises from loans, advances, or other financial accommodations made to or for the benefit of the Debtor and pursuant a Promissory Note dated October 18, 2004 ("the Loan Documents"). The Property is valued by the Debtor at $2,500,000 or more.

F. As collateral security for the Indebtedness, Parkway asserts that the Debtor granted to Parkway pursuant to the Loan Documents a Mortgage and Assignment of Rents as to the Property (the "Pre-Petition Collateral").

G. Parkway further asserts that it perfected its Mortgage and Assignment of Rents by the recording thereof with the Office of the Cook County Recorder on November 3, 2004.

H. Broadway Bank asserts that it holds a valid second mortgage on the Property. The Debtor disputes the position of Broadway Bank and asserts that the lien was discharged or is

otherwise invalid, The Debtor has filed an adversary action to avoid or challenge Broadway Bank's claimed lien, Adversary No. 09-00908 (the "Broadway Adversary").

I. The Debtor is unable to obtain sufficient unsecured credit (allowable as an administrative expense under Section 503(b)(1) of the Bankruptcy Code) to sustain its business operations.

J. An immediate need exists for the Debtor to use certain of the proceeds of the Pre-Petition Collateral comprising the cash collateral, as defined in Section 363(a) of the Bankruptcy Code ("Cash Collateral"), in order to continue the operation of the Debtor's business. Without such funds, the Debtor will not be able to pay for wages, related payroll taxes, insurances, utilities, and other operating expenses pending further hearings as hereinafter set forth.

K. The Debtor contends that good cause exists for the entry of the Order. Among other things, entry of the Order will: (i) minimize disputes and potential contested litigation over use of cash collateral; (ii) avoid disruption of Debtor's operations; and (iii) permit the Debtor to meet payroll and other operating expenses necessary to facilitate and maximize such liquidation effort.

L. On August 6, 2009, notice of the original Motion was given to the Trustee, Parkway, and all other parties known to the Debtor as claiming some measure of security interest in and as to his business assets as set forth in the Certificate of Service filed with the Court. The Debtor believes that such notice constitutes adequate and sufficient notice under Bankruptcy Rule 4001 and no other notice need be given with respect to the interim relief requested herein.

M. The Court has jurisdiction of this matter pursuant to 28 U.S.C. §157 and 1334. Venue is proper in this Court pursuant to 28 U.S.C. §§1408 and 1409. This matter is a core proceeding

pursuant to 28 U.S.C. § 157(b)(2)(M). The statutory predicates for the relief sought by the Debtor are 11 U.S.C. §§105, 361 and 363 of the Code and Rule 4001 of the Bankruptcy Rules.

**NOW THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

1. The above described findings be and they hereby are incorporated herein as if fully set forth herein.

2. This matter is a "core" proceeding as defined in 28 U.S.C. § 157(b)(2).

3. Subject to the provisions of this Order, the Debtor is hereby authorized to use the Cash Collateral and to provide adequate protection to upon the following terms and conditions:

   (a) The Debtor may use the Cash Collateral under the terms and conditions of this Order in an amount not to exceed $28,000.00 per month, subject to the limitations set forth herein below and all of the other terms and conditions of this Order;

   (b) The Debtor is authorized to pay from the funds in its Debtor in Possession operating accounts only: (i) those types of expenditures specified in the Budget, attached as <u>Exhibit A</u> hereto and made a part hereof ("Budget"), for the applicable periods set forth in the Budget and (ii) in the amounts set forth for each line item expenditure in the Budget (plus 10% per line item). Only the expenses in the amounts indicated in the Budget are deemed to be ordinary. Payments to be made under the Budget to Parkway shall be tendered by the 15th of each month subsequent to the date of this Order. Along with the monthly payments to Parkway described herein, Debtor shall tender to Parkway an itemized list of all payments made in accordance with the Budget.

   (c) The Debtor shall not use, sell or otherwise dispose of any of the Pre-Petition Collateral as defined below, except in the ordinary course of its business, without further order of this Court;

(d) The Debtor agrees not to incur any further indebtedness other than the ordinary course of business, grant or provide liens, or guaranty other obligations, without the prior written consent of Parkway.

4. Due to the substantial equity cushion between the value of the Property and the amount of the Indebtedness to Parkway, there is sufficient and adequate of protection of Parkways interest in the Property. Accordingly, aside from those obligations as set forth in the Budget, the Debtor is not required to provide any further adequate protection to Parkway. The Budget item payments are also deemed hereby to satisfy any and all obligations of the Debtor pursuant to Section 362(d)(3) of the Code

5. The Debtor shall maintain all insurance coverage requirements pursuant to the Loan Documents with Parkway and Broadway Bank (collectively referred to herein as the "Lenders"), including, if applicable, identifying the Lenders as loss payee under all required policies.

6. Unless otherwise provided in this Order, the relief granted herein shall be without prejudice to the right of the Lenders at anytime hereafter to seek additional adequate protection, to seek termination of the automatic stay, or to seek any other relief available to the Lenders under the Bankruptcy Code. The Debtor reserves the right to object to any such relief sought by the Lenders.

7. If any or all of the provisions of this Order are hereafter modified or vacated by subsequent order of this or any other court, then, notwithstanding such modification or vacation, any extension of credit, including the use of the Cash Collateral, made pursuant to this Order by the Lenders, prior to such modification or vacation, to or for the benefit of the Debtor, shall be governed in all respects by the original provision of this Order.

8. The occurrence of any of the following events, unless and until waived specifically in writing by the Lenders, shall constitute an "Event of Default" hereunder which shall result in the

termination of the Debtor's authority to use Cash Collateral upon 48 hours prior, written faxed notice to the (i) Debtor and its counsel, and (ii) any Committee appointed in this case, and it's counsel:

(a) material non-compliance by the Debtor with any of the terms or provisions of this Order including material non-authorized use of Cash Collateral;

(b) a trustee or examiner is appointed for the Debtor or a motion seeking such appointment is filed by the Trustee, or any other party in interest, alleging fraud, defalcation, criminal wrongdoing or intentional tort by the Debtor, which motion is not denied or withdrawn within fifteen (15) business days of its presentation;

(c) the Debtor fails to keep its assets insured as provided herein;

(d) an order modifying or terminating the automatic stay is entered by other entities without consent of the Lenders;

(e) consummation of the sale of all or substantially all of the Debtor's assets;

(f) confirmation of any Chapter 11 Plan for the Debtor;

(g) the Chapter 11 Case is dismissed;

(h) the Debtor fails to adhere to the Budget in any material respect;

(i) the occurrence of a material adverse change in the business of the Debtor;

(j) the failure of the Debtor to observe or perform any of the material terms or provisions contained herein.

9. The Lenders shall provide the Debtor with written notice of any alleged post-petition Event of Default within its actual knowledge under this Order. If the Debtor fails to cure an Event of Default within forty-eight (48) hours following receipt of written notice of such default, then the

authorization to use Cash Collateral pursuant to this Order shall immediately he terminated, without prejudice to the Debtor's right to seek further use of Cash Collateral.

10. This Order is a Final Order pursuant to Rule 4001(b) of the Federal Rules of Bankruptcy Procedure and shall accordingly remain in effect until (a) a Plan is confirmed be the Debtor, (b) the case is otherwise closed, (c) the authorization to use cash collateral is terminated pursuant to Paragraph 8 above, or (d) upon further Order of the Court.

11. Any notice to be given or other written matter to be delivered pursuant to this Order shall be deemed received either upon personal delivery thereof to the respective recipient's addresses listed below, or three (3) business days after placing such notice or written matter in the U.S. Mail, postage prepaid, properly addressed to the addresses stated below:

*If to the Debtor*:

| | | |
|---|---|---|
| Harrison Properties, LLC<br>180 Old Farm Road<br>Northfield, IL 60093 | and a copy to: | Timothy C. Culbertson<br>Baugh Dalton Carlson & Ryan, LLC<br>55 West Monroe Street, Suite 600<br>Chicago, Illinois 60603 |

*If to Parkway*:

| | | |
|---|---|---|
| Parkway Bank<br>4800 N. Harlem Ave<br>Harwood Heights, IL 60706 | and a copy to: | Eugene S. Kraus<br>Scott & Kraus, LLC<br>150 South Wacker Drive, Suite 2900<br>Chicago, Illinois 60606 |

*If to Broadway*:

David D. Ferguson
Polsinelli Shughart
700 W. 47th Street, Suite 1000
Kansas City, MO 64112

12. Except as expressly set forth herein: (a) the Loan Documents shall remain in full force and effect in accordance with their respective terms; and (b) nothing contained in this Order

shall: (i) modify or alter any of the terms or provisions in the Loan Documents in any manner whatsoever; (ii) cure, waive, release or postpone any defaults now or hereafter existing under the Loan Documents; (iii) establish a custom between any of the parties hereto; or (iv) in any way waive, limit, or condition the rights or remedies of the Lenders and/or the Debtor under the Loan Documents or Illinois and Bankruptcy law.

13.　Nothing herein contained should prejudice, impair or otherwise affect the rights of The Lenders or any other party in interest to seek: (i) the appointment of a trustee under Bankruptcy Code § 1104, (ii) relief from the automatic stay under Bankruptcy Code §362(d), (iii) relief in the event the Debtor has heretofore used or hereafter uses the Collateral contrary to the provisions of this Order, (iv) dismissal or conversion of the case under Bankruptcy Code § 1112, or (v) any other appropriate relief.

14.　Upon entry of a final judgment in the Broadway Adversary determining that Broadway Bank does not hold a valid lien on the Property, the rights accorded to Broadway Bank hereunder shall terminate.

Dated: January 31, 2010　　　　　　　　　　ENTER:

_United States Bankruptcy Judge_