IN THE UNITED STATE BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| In Re: | ) | Chapter 11 |
|---|---|---|
|  | ) | No. 09-26818 |
| Harrison Properties, LLC, | ) | *Hon. Timothy A. Barnes* |
|  | ) | Hearing Date:  October 10, 2012 |
| Debtor, | ) | Hearing Time: 10:30 a.m. |

**NOTICE OF MOTION**

To:   See attached Service List

PLEASE TAKE NOTICE that on October 10, 2012, at 10:30 a.m., I shall appear before the Honorable Timothy A. Barnes in Courtroom 642 of the Dirksen Federal Building, 219 S. Dearborn Street, Chicago, Illinois 60604, and then and there present the Reorganized Debtor's Motion to Issue Final Decree and Report as to the Status of its Plan of Reorganization, a copy of which is attached hereto and thereby served upon you.

　　　　　　　　　　　　　　　　　　　　　   /s/ Timothy C. Culbertson   

CERTIFICATION OF SERVICE

I, the undersigned attorney, certify that I served those appearing on the Service List attached hereto a copy of this Notice and the Reorganized Debtor's Motion to Issue Final Decree and Report as to the Status of its Plan of Reorganization, by causing the same to be delivered by the Court's CM/ECF filing system to those who receive such notices, and as to the remaining recipients by causing the same to be placed in the U.S. Mail, first class postage prepaid, before the hour of 4:30 p.m. on this 3rd day of October, 2012.

　　　　　　　　　　　　　　　　　　　　　   /s/ Timothy C. Culbertson   

Timothy C. Culbertson
ARDC No. 6229083
1107 Lincoln Avenue
Fox River Grove, Illinois 60021
(847) 913-5945

**Service List**

Broadway Bank
c/o David D. Ferguson
Polsinelli Shughart
700 W. 47th Street, Suite 1000
Kansas City, MO 64112

One Service Source, Inc.
550 Frontage Road
Northfield, IL 60093

Parkway Bank
c/o Eugene S. Kraus
Scott & Kraus, LLC
150 South Wacker Drive, Suite 2900
Chicago, Illinois 60606

47th & Calumet Currency Exchange
c/o Sorman & Frankel
203 N. LaSalle, Suite 2350
Chicago, IL 60601

Freeman Fence, Inc.
c/o American Financial Mgt., Inc.
3715 Ventura Drive
Arlington Heights, IL 60004

Office of the U.S. Trustee
219 S. Dearborn Street, Room 873
Chicago, IL 60604

IN THE UNITED STATE BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | No. 09-26818 |
| Harrison Properties, LLC, | ) | *Hon. Timothy A. Barnes* |
| | ) | Hearing Date:  October 10, 2012 |
| Debtor, | ) | Hearing Time: 10:30 a.m. |

**REORGANIZED DEBTOR'S MOTION TO ISSUE FINAL DECREE
AND REPORT AS TO THE STATUS OF ITS PLAN OF REORGANIZATION**

The Reorganized Debtor ("the Debtor"), by and through its attorney, Timothy C. Culbertson, moves this Court to issue a Final Decree in this matter pursuant to F.R.Bankr.P. 3022, and in further support hereof, states as follows:

1. On July 31, 2012, this Court issued an Order confirming the Debtor's Seventh Amended Plan of Reorganization ("the Plan").

2. Paragraph 1.11 of the Plan defines the Effective Date thereof as the date thirty (30) days following the entry of the Final Order confirming the Plan.

3. The Plan Effective Date occurred on August 30, 2012, and the Order confirming the Plan has become a final Order.

4. Pursuant to the Plan, as of the Effective Date, the following acts were to have occurred: the Reorganized Debtor was to either retain its DIP checking account or open a new account separate from its business operating account for the purposes of funding and disbursements under the Plan. The Reorganized Debtor is to deposit the monthly Plan payment into that separate account and make distributions to creditors as set forth in the Plan above on the last business day of each third month following the Plan Effective Date until completion of all required payments. To

date, all of the forgoing requirements under the terms of the Plan have been complied with by the Debtor.

5. Prior to confirmation of the Plan, the Debtor had reviewed the Claims filed in the case as well as its pre-petition activities and determined that no further objections to claims or other adversary matters were warranted. All of such matters that were raised by the Debtor during the course of this case have been disposed of by the Court or by agreement. Accordingly, there are no pending and continuing contested or adversary matters related to this Chapter 11 case.

6. Section 350 of the United States Bankruptcy Code provides in relevant part as follows: "After an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). F.R.Bankr.P. 3022 provides in as follows: "After an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." The Advisory Notes of Rule 3022 provide in most relevant part as follows:

> Entry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed. Factors that the court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

Further, Courts have recognized that the fact that disbursements under the Plan will become due in the future does not preclude the entry of an order closing a Chapter 11 case. *See, e.g.*, *In re JMP-Newcor International, Inc.*, 225 B.R. 462, 465 (Bankr. N.D. Ill. 1998). Finally, Section 1101 of the Code provides that:

 (2) "substantial consummation" means—

  (A) transfer of all or substantially all of the property proposed by the plan to be transferred;

  (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and

  (C) commencement of distribution under the plan.

11 U.S.C. § 1101(2).

 7. As set forth herein above, the Order confirming the Reorganized Debtor's Plan has become a final Order, and the Reorganized Debtor has complied with all of the requirements set forth in the Plan to date. Specifically, Dean Theo, the Debtor's Manager has assumed the management of the business of the Reorganized Debtor as set forth in the Plan, payments under the terms of the Plan have commenced, and no motions, contested matters or adversary proceedings remain pending. Accordingly the Reorganized Debtor believes that an order closing this case is appropriate at this time.

 WHEREFORE, the Reorganized Harrison Properties, LLC, prays that this Court grant the relief requested herein, and issue a Final Decree closing the case.

                 Harrison Properties, LLC

              By:  /s/ Timothy C. Culbertson
                   Its Attorney

Timothy C. Culbertson
ARDC No. 6229083
1107 Lincoln Avenue
Fox River Grove, Illinois 60021
(847) 913-5945

3